IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Carol N. Drew, III, )
    Petitioner, )
)
v. ) 1:13cv312 (TSE/JFA)
)
Larry Edmonds, )
    Respondent. )

MEMORANDUM OPINION

Carol N. Drew, III, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple offenses following a jury trial in the Circuit Court of the City of Richmond. Respondent has filed a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply and an affidavit. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

On January 6, 2010, petitioner was convicted of abduction, attempted robbery, and two counts of use of a firearm in the commission of a felony. Case No. CR09-F-3302-3305. Petitioner was sentenced to thirty (30) years incarceration. Id.

By Order dated June 15, 2010, a judge of the Court of Appeals of Virginia granted in part and denied in part petitioner's petition for appeal. Resp. Ex. 1, Sub-Ex. 1. Specifically, petitioner was awarded an appeal with respect to his contentions that: (1) the trial court erred in denying his motion for a mistrial where a witness implicated him in illegal drug activity for

which he was not on trial, thereby creating a manifest probability of prejudice; and (2) the trial court erred in granting the Commonwealth's motion for joinder because a joint trial was prejudicial to him. Id. On February 8, 2011, following briefing and oral argument, petitioner's convictions were affirmed in an unpublished opinion. Drew v. Commonwealth, R. No. 2846-09-2 (Va. Ct. App. Feb. 8, 2011); Resp. Ex. 1, Sub-Ex. 3. On June 28, 2011, the Supreme Court of Virginia declined to grant further review. Drew v. Commonwealth, R. No. 110435 (Va. June 28, 2011); Resp. Ex. 1, Sub-Ex. 4.

On August 23, 2011, petitioner filed an application for a state writ of habeas corpus in the Supreme Court of Virginia, raising eight (8) claims of ineffective assistance of counsel. Resp. Ex. 1. By Order entered July 9, 2012, the Court denied and dismissed the petition. Drew v. Warden, Buckingham Corr. Ctr., R. No. 111550 (July 9, 2012); Resp. Ex. 2.

Petitioner then turned to the federal forum and timely filed the instant petition for relief pursuant to § 2254, raising the following claims:

1. He was denied effective assistance of counsel and due process of law when counsel failed to object to the trial court's abuse of discretion in allowing the prosecution to withdraw its jury waiver, where Virginia law makes it mandatory that the court try the case without a jury after a defendant waives his right to jury trial with the consent of the Commonwealth and the Court.

2. He was denied effective assistance of counsel and due process of law when counsel failed to object to the prosecutor's deterrence argument, because Virginia law prohibits such arguments at the guilt phase of a trial.

3. The trial court erred in denying his motion to voir dire the jurors regarding the reason they were laughing when they returned to the jury room, where counsel alleged that the laughter stemmed from improper jury

conduct.[1]

As noted above, respondent has filed a Motion to Dismiss the petition with a supporting brief and exhibits, and petitioner has filed a reply. Respondent acknowledges that petitioner's claims have been exhausted in the state forum.[2] Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

---

[1] The third claim under consideration was added pursuant to petitioner's Motion to Amend the initial petition, which was granted by Order dated May 2, 2013. (Docket ## 4-5).

[2] Prior to bringing a § 2254 action, a petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first two federal claims, petitioner asserts that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial

strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In his first claim, petitioner argues that he received ineffective assistance of counsel because counsel failed to object when the prosecution withdrew its waiver of the right to a jury trial. When petitioner raised this same claim in his state habeas corpus proceeding, the Supreme Court of Virginia rejected it on the following holding:

> In claim (d), petitioner alleges he was denied the effective assistance of counsel because counsel failed to object when the trial court abused its discretion and allowed the prosecutor to withdraw its earlier waiver of its right to a jury trial. Petitioner contends that counsel should have objected because the trial court did not have any discretion to allow such a waiver. Petitioner further contends that had counsel objected the outcome of his trial would have been different and he would have received a lesser sentence had he proceeded to trial without a jury.

5

> The Court holds that claim (d) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the transcript, demonstrates that the prosecution reversed its waiver of the right to a jury trial prior to the trial. Petitioner proffers no valid legal basis upon which he contends counsel should have objected, and Code § 19.2-257 provides that a defendant may waive his right to a jury trial if the Commonwealth consents, which it did not. Petitioner further fails to explain, given the overwhelming evidence of his guilt, how he would have been found not guilty or would have received a lesser sentence if he were tried by the trial court and not a jury. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Drew v. Warden, supra, slip op. at 7.

For the reasons which were clearly articulated by the Supreme Court of Virginia in the foregoing Order, petitioner has failed to demonstrate that his counsel rendered constitutionally deficient assistance by failing to object when the prosecution withdrew its waiver of the right to a jury trial. Under Virginia law, the Commonwealth has "an equal voice" in determining whether a case will be heard by a jury. O'Dell v. Commonwealth, 234 Va. 672, 690 364 S.E.2d 491, 501 (1988). If an application for withdrawal of a waiver of the right to a jury trial is made "in due season" so as to not substantially delay or impede the cause of justice, the court should exercise its discretion in favor of granting the request. Thomas v. Commonwealth, 218 Va. 553, 555, 238 S.E.2d 834, 835 (1977). In this case, the Commonwealth moved for a joint jury trial of petitioner and his codefendant on August 31, 2009. (Tr. 8/31/09) Under Virginia law, such a motion is analogous to a request to withdraw a previously-filed jury trial waiver. See Commonwealth v. Williams, 262 Va. 661, 671, 553 S.E.2d 79, 765 (2001). The motion was granted, and the trial was set for September 30, 2009. Petitioner here suggests no basis upon which his attorney successfully could have challenged the Commonwealth's retraction of its jury trial waiver, and

the foregoing record facts suggest none. Therefore, the decision of the Supreme Court of Virginia to deny relief on this claim was both factually reasonable and in accord with the controlling federal principles of Strickland, supra, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In his second claim, petitioner contends that counsel provided ineffective assistance by failing to object to the prosecutor's admonition during closing argument that the jury should "[f]ind them guilty and let them know that the City of Richmond doesn't tolerate crimes committed by its own citizens, let alone those that come from out of town to target the citizens of this City." (Tr. 489). In rejecting petitioner's argument, the Supreme Court of Virginia held as follows:

> The Court holds that claim (c) fails to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland. Even if the prosecutor's statements were improper, the record, including the trial transcript, demonstrate that the conviction should stand if 'the error did not influence the jury, or had but slight effect.' Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (citation omitted). Petitioner does not present any evidence to demonstrate that the prosecutor's statement influenced the jury in any manner. Furthermore, the evidence against petitioner was overwhelming, as the victim identified both petitioner and Allen as the men who fired several shots upon him as they ran toward him, and demanded that the victim give up his 'works,' a street term for drugs or money. The victim also testified that Allen and petitioner placed the victim in the back seat of a car and drove around with him demanding the victim to identify someone for the men to rob and kill. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Drew v. Warden, supra, slip op. at 6 - 7.

For the reasons expressed by the Supreme Court of Virginia, petitioner has failed to carry his burden to demonstrate that his attorney's failure to object to the prosecutor's statement

amounted to ineffective assistance. Because that Court's decision to deny petitioner's claim was factually reasonable and in accord with Strickland, supra, the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In his third claim, petitioner asserts that the trial court erred in denying him the opportunity to voir dire the jurors after they were heard to be laughing while returning to the jury room. This argument, which was rejected on the merits on petitioner's direct appeal, states no claim for federal habeas corpus relief. A federal writ of habeas corpus may issue only where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). As the Supreme Court has observed,

> ... it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Where, as here, a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright, 151 F.3d at 159. Accordingly, the third claim of this petition must be dismissed.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this _3rd_ day of _October_ 2013.

Alexandria, Virginia

/s/ T. S. Ellis, III
United States District Judge